UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                     2:07-cr-60-FtM-29DNF

TOMAS RIVERA

_____

### ORDER

This matter comes before the Court on defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(B) (Doc. #126) filed on November 4, 2010. For the reasons set forth below, the Court dismisses the motion.

After a jury trial, defendant Tomas Rivera was convicted of possession with intent to distribute 500 or more grams of cocaine. (Doc. #76.)  On August 4, 2008, he was sentenced to 70 months imprisonment.  (Doc. #87.)  On direct appeal, on January 5, 2010, defendant's conviction and sentence were affirmed.  United States v. Rivera, 359 Fed. Appx. 146 (11th Cir. 2010).  Defendant now seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) based upon the Fair Sentencing Act of 2010, signed by the President on August 3, 2010.  See Pub. L. No. 111-220, 124 Stat. 2372 (2010).

Defendant relies upon Section 3582(c)(1)(B), which provides: "The court may not modify a term of imprisonment once it has been imposed except that--(1) in any case--. . . (B) the court may modify an imposed term of imprisonment to the extent otherwise

expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."   18 U.S.C. § 3582(c)(1)(B).   Defendant argues that a sentence reduction in his case is "expressly permitted by statute" in light of the Fair Sentencing Act of 2010. The Court disagrees.

Defendant Rivera is not entitled to the benefit of the recently enacted Fair Sentencing Act of 2010.  Nothing in the Fair Sentencing Act of 2010 expressly permits the reduction of a sentence which has already been imposed and has been upheld on direct appeal.  Additionally, the Fair Sentencing Act of 2010 is not retroactive.  United States v. Gomes, ___ F.3d ___, No. 10-11225, 2010 WL 3810872, at *2 (11th Cir. Oct. 1, 2010).  See also United States v. Carradine, ___ F.3d ___, No. 08-3220, 2010 WL 3619799, at *5 (6th Cir. Sept. 20, 2010); United States v. Brown, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. Oct. 12, 2010); United States v. Bell, ___ F.3d ___, Nos. 09-3908, 09-3914, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010); United States v. Lewis _ _ F.3d ___, No. 09-3329, 2010 WL 4262020, at *3 (10th Cir. Oct. 29, 2010).  Since the Fair Sentencing Act of 2010 does not apply, § 3582(c)(1)(B) is not applicable, and the Court has no jurisdiction to reduce defendant's sentence.

Defendant is within the one year time period from the Order of the Eleventh Circuit Court of Appeals affirming his conviction and sentence, and therefore a Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence By a Person in Federal Custody may be filed.[1]  The Clerk of the Court will be directed to provide defendant with the appropriate forms for his consideration.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(B) (Doc. #126) is **DISMISSED** for lack of jurisdiction.

2.  The Clerk of the Court shall provide defendant with the appropriate standard form for filing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of November, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Tomas Rivera

---

[1]Federal prisoners whose convictions became final after April 24, 1996, the effective date of the AEDPA, have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).